OPINION
Defendant-appellant United Mobile Homes, Inc. ("United") brings this appeal from the judgment of the Court of Common Pleas of Marion County awarding attorney fees of $98,727.51 to plaintiff- appellee Stults 
Associates, Inc. ("Stults").
On June 2, 1995, Stults filed a complaint seeking $49,768.20 plus interest for a breach of contract. United filed an answer and a counterclaim seeking $71,607.79 for fraud and negligence, $71,607.79 for breach of fiduciary duty, and $100,000.00 for punitive damages. After the counterclaim, Stults hired two new law firms, one to handle the professional negligence claims and the other to handle the remaining claims.
Stults then filed an amended complaint, which included a request for attorney fees as set forth in contracts E and F. The amended complaint was based upon four contracts. Contract B was for $56,500 and was for the design of the expansion. The complaint alleged that $36,115.63 remained due on this contract. Contract D was for the revaluation of an existing sanitary sewer and Stults claimed $3,019.99 was due on it. Contract E was for the design of the proposed ditch and to revise the original site plan and was the basis for a claim of $25,371.76. Contract F was for the design of a lift station and Stults claimed $2,392.07 was due on it. Stults requested recovery of $66,899.45 plus interest, attorney fees and punitive damages.
On January 17, 1997, the trial court granted Stults' motion to dismiss United's counterclaim. A bench trial was held February 18-21, 1997. On May 13, 1997, the trial court entered judgment for Stults in the amount of $68,671.28 in damages for breach of contract. The trial court also determined that United was entitled to a set-off in the amount of $9,600.00, thus reducing the amount of the award to $59,071.28. No award was granted for punitive damages. On August 14, 1997, the trial court awarded attorney fees to Stults in the amount of $10,534.19. United and Stults both filed appeals challenging the trial court's calculation of the attorney fees
On October 14, 1998, this court entered judgment on appeal sustaining the objections of both parties regarding the calculation of attorney fees. This court held that attorney fees were proper for work completed on contracts E and F only. The matter was then remanded to the trial court for further proceedings and evidence on the reasonableness of the fees. On February 3, 2000, the trial court held a hearing on the attorney fees. On February 6, 2001, the trial court entered judgment for Stults for attorney fees in the amount of $98,727.51. It is from this judgment that United appeals.
United raises the following assignments of error.
 The trial court abused its discretion and erred in awarding any attorney's fees to Stults when the award is against the manifest weight of the evidence and Stults failed in its burden of proof.
 The trial court abused its discretion and erred in awarding certain attorney's fees to Stults where there is no evidence that Stults paid such fees.
 The trial court erred in awarding excessive fees for work that was unreasonable and unnecessary.
 The trial court erred in not allowing United to recover its fees where it was the prevailing party and, vice-versa, in awarding fees where Stults was not the prevailing party.
This matter has previously been before this court. In that decision, we held in pertinent part as follows:
 We note that the attorney fees provision included in the agreements provided for reimbursement of "reasonable attorneys' fees." We find that the trial court acted in an arbitrary manner in mathematically apportioning the amount of attorney fees granted to Stults. A "reasonable" fee must be related to the work reasonably expended on the case and not merely to the amount of the judgment awarded. The proper method for calculating reasonable attorney fees is set forth in Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143 and DR 2-106(B). * * * The Ohio Supreme Court stated in Bittner that when awarding reasonable attorney fees, the trial court should first calculate the number of hours reasonably expended on the case and then multiply that number by a reasonable hourly rate. Id. at 145. The trial court then may modify that calculation by applying the factors listed in DR 2-106(B), including the important factor of the "results obtained." Id. "The consideration of `results obtained,' however, is not synonymous with the monetary amount of the recovery. The results-obtained factor encompasses the degree of success enjoyed by the prevailing party." Id.
 The Ohio Supreme Court has further held that where the "claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." Id. In the present case, there is a much stronger basis to identify distinct claims than in Bittner because Stults' request for reasonable attorneys' fees is pursuant to specific contracts. It is undisputed that the attorney fees provision set forth supra was only contained in the letters involving two particular agreements. The parties' other agreements contained no similar provision for attorney fees. Thus, the trial court must award fees only for the time reasonably spent pursuing the contract claims for which fees are recoverable.
 * * *
 It is, of course, Stults' burden to establish the amounts of fees incurred in pursuing the contract claims for which fees are recoverable and the reasonableness of the fees.
October 14, 1998 Judgment Entry, 33-35.
In the first assignment of error, United claims that Stults did not prove that the hours were related to contracts E and F. In reaching its decision, the trial court divided the fees into seven parts. The first award was to Mr. Rogers in the amount of $845.00 for the initial complaint filed before Stults changed attorneys. Next, the trial court awarded $25,073.76 to Mr. Hutson for his work on the professional negligence claim. The remaining awards went to Mr. Martin for the original trial ($35,488.80), the initial fees hearing ($4,187.33), the attempts to collect the judgment ($2,812.67), the first appeal ($11,687.17), and the hearing on fees upon remand ($18,632.78) for a total of $72,808.75. A grand total of $98,727.51 was awarded in attorney fees.[1]
The first fee awarded was that granted to attorney J.W. Rogers for the filing of the original brief. In support of this fee, Stults submitted a copy of the bill. This bill itemizes the work done as conferences, letters, and preparation of the complaint and the reply to the answer and counterclaim. However, no evidence was presented as to how much of this time was about contracts E and F. Since these were the only two contracts upon which recovery of attorney fees is permitted, the time for these contracts must be separated and proven by Stults in order for recovery. The record contains no evidence about the time spent on contracts E and F by Rogers.[2] Thus, Stults has failed to prove that it is entitled to recover any of the fees owed to Rogers and that claim must be denied.
Next the trial court awarded fees of $25,073.76 to the law firm of Lane, Alton, Horst, for their work on the professional malpractice claim. The evidence in support of this award was the submission of a copy of the bills and the deposition testimony of Mr. Hutson. According to Mr. Hutson's deposition, the malpractice issue was in regard to the counterclaims. Hutson Dep., 16. He testified that the malpractice issues were ultimately resolved in a $9,600.00 judgment for United, which the insurance company paid on behalf of Stults. Id. Based upon this testimony, it is clear that United was the prevailing party on this matter. Under the contract, Stults is not entitled to recover attorney fees for a claim on which it did not prevail.[3] This court notes that Mr. Hutson admits in his deposition that he could not divide his fees into which work was done for which contract. Id. at 26. Thus, the trial court's award of attorney fees for Mr. Hutson's work is not supported by the evidence since Stults cannot prove that the fees were for those contracts upon which fees can be awarded.
The next fee award we will address is the seventh award of $18,632.78 to Mr. Martin for the second fee hearing on remand. The contract that provides for attorney fees states that the prevailing party is entitled to attorney fees. Mr. Martin testified that since this court sustained Stults cross-appeal on the issue of the calculation of attorney fees, it was the prevailing party. However, this ignores the fact that this court also sustained United's assignment of error regarding the calculation of the attorney fees. Both assignments of error raised the same issue and we sustained both assignments of error. Thus, neither party can be found to be the prevailing party. The subsequent hearing to determine the proper calculation of attorney fees was the direct result of both assignments of error. Thus, neither Stults nor United is entitled to receive fees for the subsequent attorney fee hearing made necessary by our prior ruling.
The remaining fees awarded to Stults for work done by Mr. Martin were granted for the pre-trial work, the trial, collection of the judgment, the original fees hearing, and the appeal. In support of these awards, Stults submitted invoices from Mr. Martin and Mr. Martin testified regarding these invoices. Unlike the prior awards, Mr. Martin attempted to divide the fees into those relating to contracts E and F and those relating to other matters. However, the great majority of the fees are labeled as being related to contracts B, D, E and F. The Supreme Court in Bittner stated that when there are claims for which recovery of attorney fees is permitted and claims for which no recovery is permitted, the party requesting fees must divide the fees out and prove which fees are recoverable. Bittner at 145. In the first appeal, this court, citing Bittner, ordered the trial court to calculate the attorney fees only on the time spent pursuing the claims on contracts E and F. Since contracts B and D did not provide for recovery of attorney fees, the time spent pursuing those claims cannot be included in the final calculation.
Based upon the fact that the trial court's awards almost equal the total fees charged, it is obvious that the award was not properly limited.[4] Stults argues that this is appropriate because the causes of action were all interrelated and could not be easily separated. However, Stults' attorneys knew that only two of the contracts provided for recovery of attorney fees.[5] Stults' attorneys also knew that the burden to prove the amount of attorney fees relating to contracts E and F would be on Stults. The fact that Stults' attorneys did not account separately for the time spent on contracts E and F does not entitle them to collect fees for time also spent on contracts B and D. Any failure to do so is a failure of proof as to fees properly to be recovered.
Based upon the evidence presented by Stults at the hearing, the award of attorney fees is not supported by the evidence. Although it may be difficult for a court to determine precisely what amount of fees should be allowed when only two of the contracts provide for recovery, some effort must be made to limit the recovery of fees so that a defendant is not forced to totally finance a suit that was only partially about those two contracts and in which the defendant achieved some measure of victory by being granted the setoff. See Wing Leasing, Inc. v. M B Aviation,Inc. (1988), 44 Ohio App.3d 178, 542 N.E.2d 671. Here, the trial court granted Stults more than what it actually claimed to be entitled to recover and actually proved. Thus, the first assignment of error is sustained.
The second assignment of error asserts that the trial court erred by awarding fees that were not paid by Stults. The contract does not require that the fees be paid prior to being eligible for recovery. However, the question about whether the fees were submitted by the attorneys to Stults and paid by Stults is relevant to the reasonableness of the fees. The contract provides for the recovery of reasonable attorney fees. One measure of reasonableness is whether a reasonable business client would be willing to pay the fees requested by the attorney. This question is raised here since the amount of the attorney fees requested exceeded the amount prayed for in the complaint as damages for breach of contract by more than $30,000. If the client would not be willing to pay that amount and would not be charged that amount, then it might be found to be unreasonable to expect the defendant to pay that amount. Thus, United should have been able to question the witness about this matter at the hearing. However, the fees need not be paid before Stults can recover. The second assignment of error is overruled.
The third assignment of error is that the trial court erred by awarding fees for unreasonable and unnecessary work. The testimony at the hearing was that all of the work was necessary and reasonable. The testimony was that all of the work was interrelated with contracts E and F. As stated above, this testimony is not sufficient to entitle Stults to recover all of its fees when an unknown portion is related to contracts B and D. We also note that if we were deciding the case, we would question the reasonableness of some of the charges, such as numerous charges for reviewing the local rules and the civil rules and charging for several hours of preparing the invoices for the fee hearing. However, these are questions of facts to be decided by the trial court. The third assignment of error is overruled.
Finally United argues that the trial court erred by awarding attorney fees for matters in which Stults was not the prevailing party and by not awarding attorney fees when United was the prevailing party. We have already addressed one instance where fees were awarded to Stults when it was not the prevailing party. Thus we will not readdress that issue.
The contract provides that the prevailing party is entitled to recover attorney fees. The party still must prove what those reasonable fees are. At the hearing, United submitted no evidence of any attorney fees for which it was entitled. Thus, the trial court could not award any fees to United or reduce the fees awarded to Stults for the portion of the claims on which they did not prevail. The fourth assignment of error is sustained as to the payment of fees to Stults when it was not the prevailing party and overruled as to prior attorney fees when United prevailed.
The judgment of the Court of Common Pleas of Marion County is reversed and the cause remanded for further proceedings.
WALTERS, P.J., and SHAW, J., concur.
[1] This does not include the fees for the dismissal of the counterclaim being sought in Delaware County.
[2] The initial complaint filed by Rogers was based on an account owed and attorney fees were not requested.
[3] Mr. Hutson testified that all of his fees, excluding the $10,000 deductible, were paid by the insurance company, not Stults Hutson Dep., 23. However, no claim for recovery of the $10,000 paid by Stults itself was sought. Id. at 24.
[4] We also note that recovery of the remaining fees are being sought in a different trial court.
[5] This knowledge is clear based upon the claim for attorney fees filed in the amended complaint.